850 F.2d 689
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re James LYONS, Petitioner.
In re James LYONS, Petitioner.
 Nos. 88-8009, 88-8010.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 27, 1988.
Decided: June 29, 1988.
 
 James Lyons, petitioner pro se.
 Before DONALD RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 James Lyons, a federal prisoner incarcerated at the Petersburg Federal Correctional Institution, has filed two petitions for writs of mandamus in this Court. While we grant Lyons' motion for leave to proceed in forma pauperis, we deny the petitions and dismiss the actions.
 
 
 2
 "The party seeking mandamus relief carries the heavy burden of showing that he has 'no other adequate means to attain the relief he desires' and that his right to such relief is 'clear and indisputable.' " In re Beard, 811 F.2d 818, 826 (4th Cir.1987) (citations omitted). Under this standard, Lyons is entitled to no relief in this Court.
 
 
 3
 In No. 88-8009, Lyons asks this Court to order Robert Pollard and Doris Casey, two employees of the United States District Court for the Eastern District of Virginia, to assign each case a docket number as soon as it is filed and to decide all applications for leave to proceed in forma pauperis within 21 days. Assuming arguendo that Pollard and Casey are the proper respondents when it is the district court which has the ultimate authority in these areas, we decline to grant the requested relief. The procedure for assigning docket numbers is properly left to the discretion of the district court. We also decline to impose a 21-day time limit for ruling on applications for leave to proceed in forma pauperis. Given the large volume of litigation by persons seeking to proceed in forma pauperis and the amount of time it can take to obtain necessary information, a 21-day limit is unwarranted.
 
 
 4
 In No. 88-8010, Lyons asks this Court to order Jeffrey Clark, the warden of the Petersburg F.C.I., to provide indigent inmates with (1) photocopies of all legal materials for court and (2) postage for mailing all legal materials. He claims that even indigent prisoners are charged 10 cents per copy for legal materials and that they are limited to five free first-class mail stamps per week. While Lyons has stated a colorable constitutional claim under Bounds v. Smith, 430 U.S. 817, 824-25 (1977), and its progeny, further factual development is necessary to determine whether he is entitled to relief. This factual development should take place in district court.
 
 
 5
 We therefore deny Lyons' two petitions for writs of mandamus and dismiss these actions.
 
 
 6
 DISMISSED.